ATLANTIC COAST LINE R. R. CO. *v.* SOUTH BOUND R. R. CO.

1. CONDEMNATION—RIGHT OF WAY.—AN APPEAL from condemnation proceedings for right of way, under sec. 1747 Rev. Stat., must be based on grounds of appeal duly served.

2. IBID.—IBID.—APPEAL.—An order granting a new trial in Circuit Court on appeal from verdict of jury in condemnation proceedings is appealable.

3. ESTOPPEL—CONSTITUTION.—A party applying under statute for condemnation of right of way is estopped from saying that statute is unconstitutional.

4. CONDEMNATION—RIGHT OF WAY—CONSTITUTION.—The law (Rev. Stats., 1744, 1746, 1747), providing method of condemnation of private property for rights of way is not violative of art. IX., sec. 20, of Con., relating to valuation thereof by jury of twelve in court of record.

Before BENET, J., Bamberg, April, 1899.  Reversed.

Proceeding for condemnation of right of way by Atlantic Coast Line R. R. Co. against South Bound R. R. Co.  The Circuit order appealed from is as follows:

"This proceeding came before me on a motion made by the South Bound Railroad Co. to be allowed an appeal to this Court from the verdict rendered by the jury which sat in the condemnation proceeding on the 5th day of January, 1899, as provided by section 1730 of the Revised Statutes.  The jury rendered a verdict for $50 and the South Bound Railroad Co. moves to be allowed an appeal therefrom, and that an issue be framed and heard in this Court, in accordance with the provisions of the said section of the Revised Statutes, on the grounds that the verdict was too small and inadequate under the testimony; that the jury being uninstructed by a Judge, failed to consider the evidence introduced to show special damages.  The motion was based upon all of the proceedings had in the condemnation proceedings.

"After examination of the proceedings and hearing L. T. Izlar, Esq., for the motion and Robert Aldrich, Esq., contra, the Court is satisfied of the reasonable sufficiency of the

grounds for appeal. It is, therefore, ordered, that an issue be submitted to a jury in open Court to pass upon the question of compensation, in which the appellant shall be the actor. Further ordered, that the cause shall be entered by the clerk of the Court of Common Pleas for the county of Bamberg on Calendar No. 1, and that the form of the issue to be submitted to the jury shall be prepared in open Court when the case is called for trial, unless the same be agreed upon by counsel and filed with the said clerk prior to the calling of the case for trial."

*Messrs. J. T. Barron* and *Robt. Aldrich,* for appellant, cite: *No appeal from verdict of jury in first instance except upon exceptions:* 11 S. C., 396; 14 S. C., 178; 16 S. C., 105, 164, 619; 17 S. C., 288, 338; 20 S. C., 62; 22 S. C., 200; 18 S. C., 104. *As to what damages are allowable in such proceedings:* 27 Vt., 140; 13 J. O., 548; 15 Id., 141; 69 Id., 80; 91 Id., 256; 68 Id., 390. *At crossings:* 44 Fed. R., 470; 45 Kan., 716; 14 Gray., 155; 90 Mich., 385; 102 Mo., 633. *For interfering with business:* 115 Ill., 376; 100 Ill., 21. *Too remote:* 105 Ill., 389, 110; 30 Ohio St., 604.

*Messrs. C. J. C. Hutson* and *Laurie T. Izlar,* contra, cite: *Order is not appealable:* Code, 11, sub. 1; 8 S. C., 12, 62; 11 S. C., 122; 3 S. C., 417, 606; 25 S. C., 41; 29 S. C., 1. *Motion was addressed to discretion of Judge, and hence not appealable:* Rev. Stat., 1730; 16 S. C., 72, 116, 450, 634; 17 S. C., 453.

April 11, 1900. The opinion of the Court was delivered by

MR. CHIEF JUSTICE MCIVER. This is an appeal from an order of his Honor, Judge Benet, presiding in the Court of Common Pleas for Bamberg County, allowing an appeal to said Court from the verdict of a jury empanelled to ascertain the compensation to which the South Bound Railroad Co. is entitled for the use of its lands by the Atlantic Coast Line Railroad Co., under the provisions of sec. 1744 of the Rev.

Stat. of 1893. The order appealed from, which is set out in the "Case," should be incorporated by the reporter in the report of this case.

Several exceptions were taken by the appellant to this order; but, under the view which we take, it will only be necessary to set out the first and fourth, which reads as follows: "*First.* Because his Honor erred 'in refusing to sustain the objection of the petitioners, the Atlantic Coast Line Railroad Co. of South Carolina, to the appeal of the appellant below, the South Bound Railroad Co., on the ground that no grounds of appeal, as required by the statute, were served with the notice of appeal or at any time prior to the hearing of said appeal.' *Fourth.* Because his Honor erred 'in holding that the Court is satisfied of the reasonable sufficiency of the grounds of appeal,' when there were no grounds of appeal served on the petitioner, the Atlantic Coast Line Railroad Co. of South Carolina."

It appears from the "Case" that the appellant herein obtained from his Honor, Judge Aldrich, the Judge of the circuit wherein the land sought to be condemned is situated, an order requiring the clerk of the Court of Common Pleas for Bamberg County (the county in which said land lies) to empanel a jury of twelve men to ascertain the compensation for the use of the land required; that such jury were so empanelled and duly organized and sworn, and proceeded to inspect the premises and hear the testimony offered upon which their verdict was rendered. From this verdict the respondent herein gave notice of appeal in the following form (omitting the caption and address) : "You will please take notice that upon all of the pleadings, proceedings and evidence had and taken in the above entitled proceedings in the matter of condemnation of the crossing at Denmark, the respondent will move the Court at Bamberg, on the 12th day of April, 1899, at 12 o'clock M., or as soon thereafter as counsel can be heard, to allow the respondent an appeal and trial in said condemnation proceedings." It does not appear in the "Case" that any grounds of appeal either

accompanied this notice or were ever served upon the petitioner or its counsel.    On the contrary, we find in the "Case" the following: "It is admitted that no grounds of appeal were ever served except such as appear in the notice of appeal and the record."    We are unable to discover in the notice of appeal, as it is called (though it is rather a notice of a motion to allow an appeal), or in the record, any intimation whatever as to the grounds of the appeal or of the motion. The statement made in the notice that the motion will be made "upon all of the pleadings, proceedings and evidence had and taken in the above entitled proceedings," does not afford the slightest indication of any such ground.    It is quite certain that such a notice of appeal would receive no consideration in this Court, as has been held in numerous cases; and we see no reason why it should be otherwise in the Circuit Court.    But we are spared the necessity of considering the question by the express terms of the statute applicable to the present case.    In sec. 1747 of the Rev. Stat. of 1893, it is provided as follows: "From the verdict so rendered it shall be the right of either party to appeal to the first term of the Circuit Court next ensuing in the county, giving to the opposite party fifteen days notice of such intended appeal, with the grounds thereof; and upon the hearing of such intended appeal, if the Court shall be satisfied of the reasonable sufficiency of the grounds, an issue shall be ordered in which the appellant shall be the actor, and the question of compensation shall be thereupon submitted to a jury in open Court, whose verdict shall be final and conclusive, unless a new trial shall be ordered by the Supreme Court."    Now, in view of the well settled rule that a party who desires to avail himself of a special statutory remedy must be careful to comply with the requirements of the statute, it seems to us clear that the Circuit Court, was without any authority to hear this appeal from the verdict of the jury.    For the right of appeal is conferred upon at least two conditions: 1st. That fifteen days notice of such intended appeal must be given to the opposite party.    2d.  That such notice must be

accompanied *"with the grounds thereof."* Both of these conditions are equally essential; indeed, if anything, the second is of more importance than the first. Inasmuch as the "Case" as printed does not show that the order appealed from was resisted in the Court below upon the grounds we have just been considering, and inasmuch as the Circuit Judge in his order does not state that such was the fact, it is necessary to state that since the hearing, this Court has been furnished with an admission that "the granting of the order applied for below was resisted upon the ground, among others, that no grounds of appeal were served upon the petitioner or its attorneys, other than as appears in the notice of appeal and the record."

It is contended by the respondent that the order in question is not appealable. There was no motion to dismiss the present appeal on that or any other ground, nor was there any notice to the appellant in any form, so far as the record before us shows, that any such position would be taken here. It is, therefore, at least very doubtful whether this question is properly before this Court. But even if it is, we do not think that the position taken can be sustained. If the proceedings be regarded as an action removed into the Court of Common Pleas from an inferior jurisdiction, then the order is appealable under subdivision 1, of section 11, of the Code, and if it must be regarded as a special proceeding, then it is appealable under subdivision 3 of the same section, for the order does involve the merits and effects a substantial right. See *Blakely* v. *Frazier,* 11 S. C., 122. The application for the order appealed from was not addressed to the discretion of the Circuit Judge, for when an appeal from the verdict of a jury in condemnation proceedings is properly before the Circuit Court, it is made the duty of that Court, if reasonably satisfied of the sufficiency of the grounds of appeal, to order an issue, "an issue shall be ordered," and the Court is not entitled to exercise any discretion in the matter.

The next position taken by counsel in his argument here is

21—57

that the provisions of the statutes prescribing the mode of obtaining compensation for the appropriation of private property to the use of any corporation are in conflict with the provisions of sec. 20, of art. IX., of the present Constitution, inasmuch as such compensation can only be ascertained by a jury of twelve men in a Court of record, as shall be prescribed by law. The first inquiry which presents itself in considering this question is whether the respondent is in a position to raise this queston. It does not appear that any such question was raised in the Circuit Court, and, therefore, under the case of *Tompkins* v. *Railroad Co.*, 21 S. C., 421, recognized in the subsequent case of *Frazier* v. *Beattie*, 26 S. C., 351, the question is not properly before us for consideration. But, more than this, the respondent, by participating in the proceedings prescribed by the statute, without protest or objection up to the time of the hearing before this Court, which is only invested with jurisdiction to review the action of the Circuit Court, and by actually basing its application for the order appealed from upon the provisions of the statute, which it now claims is unconstitutional, is estopped from raising the question of the constitutionality of the statute, the benefits of which it has availed itself of. If the position now taken by respondent be tenable, then, as it seems to us, its proper course would have been to entirely ignore the statute, which, if unconstitutional, was a nullity, and bring its action against the appellant for a trespass in intruding upon its property without lawful authority. But it certainly cannot be permitted to avail itself of the benefit of the statute and at the same time claim that it is unconstitutional, null and void.

But is the statute unconstitutional? In the first place, it will be observed that the provisions of the present Constitution is identical with that contained in the Constitution of 1868, sec. 3, art. XII., and it is very strange that in none of the numerous cases of this kind which arose while the Constitution of 1868 was in force, was this question presented to this Court for decision. True, this is not

conclusive; but in view of the intelligent, learned, vigilant and able bar of which this State can boast, the fact that this question has never before been raised, is entitled to some weight. Let us, therefore, examine for a moment whether the statute under which these proceedings were taken, is in violation of the Constitution. The point made seems to be that the Constitution requires that the amount of the compensation "shall be ascertained by a jury of twelve men in a Court of record as shall be prescribed by law," whereas, the contention is that the statute contemplated a proceeding by which the amount of compensation may be ascertained by a jury of twelve men, not in a Court of record. Now, what are the provisions of the statute? By sec. 1744 of the Rev. Stat., the first step required to be taken is an application, "by petition to the Judge of the circuit wherein such lands are situated, for the empanelling of a jury to ascertain the amount which shall be paid as just compensation for the right of way required." The next step is that the said Judge shall order the said petition to be filed in the office of the clerk of the Court of Common Pleas, and shall order the said clerk to empanel a jury of twelve to ascertain the compensation. The next step is that said clerk shall empanel a jury of twelve persons in the manner prescribed by the statute. Then, in sec. 1746, it is provided that the jury so empanelled, after being sworn faithfully and impartially to determine the question of compensation submitted to them, shall proceed to inspect the premises, and to take testimony and ascertain the amount to which the owner is entitled for the use of his land, and render their verdict in writing for the same. Then follows sec. 1747, copied above, securing a right of appeal from such verdict to the Circuit Court, and prescribing the manner in which such appeal shall be taken, by which the question of the amount of compensation may be submitted "to a jury in open Court." Then by sec. 1753, it is provided that all proceedings in relation to the condemnation of lands for the right of way "shall be filed in the office of the clerk of the Court of Common Pleas for the

county in which such proceedings were had, and shall be there of record." It will thus be seen that the statute makes such provisions as will secure to either party every right guaranteed to him by the Constitution, provided he complies with the provisions "prescribed by law" for such purposes. We can scarcely believe that the point made that the word "shall," in the constitutional provision, "as shall be prescribed by law," implies that there must be legislation *after* the adoption of the present Constitution prescribing the mode of proceeding to be adopted in order to secure a trial "by a jury of twelve men in a Court of record," can be seriously insisted upon, especially in view of the provision in the first subdivision of sec. 11, of art. XVII., of the present Constitution, "that all laws in force in this State at the time of the adoption of this Constitution, not inconsistent therewith, and constitutional when enacted, shall remain in full force until altered or repealed by the General Assembly or expire by their own limitation." Even, therefore, if the constitutional question were properly before us, we would be obliged to say that there was at least grave doubt whether the statute was in violation of the Constitution, and the rule in such cases is well settled that the constitutionality of the statute should be sustained. If a party through his own neglect or omission fails to obtain in a case like this, or indeed in any other case, a right of trial by jury in open Court, or any other right guaranteed to him by the Constitution, by neglecting to pursue the mode prescribed by law for that purpose, it is not the fault of the law, but the fault is his own. So that we are of opinion that the first and fourth exceptions must be sustained; and under this view the points presented by the other exceptions do not arise and need not, therefore, be considered.

The judgment of this Court is, that the the order appealed from be reversed.