CHESTERFIELD AND KERSHAW R. R. CO v. JOHNSON.

1. CONDEMNATION—RIGHT OF WAY.—THIS COURT will not review on appeal the finding of the Circuit Court on appeal from verdict of jury in condemnation of right of way, that it is satisfied of the reasonable sufficiency of the grounds of appeal.

2. IBID.—IBID.—Can party appealing from condemnation assessment by jury drawn by clerk be deprived under art. IX., sec. 20, Constitution, of right to submit the issue to jury of twelve in court of record?

3. *Atlantic Coast Line R. R. Co.* v. *South Bound R. R. Co.,* 57 S. C., 317, *distinguished from this.*

Before BENET, J., Kershaw, February, 1900.    Affirmed.

Condemnation by Chesterfield and Kershaw R. R. Co. against J. H. Johnson.    From order submitting issue of amount of compensation to jury in Circuit Court on appeal from assessment by jury drawn by clerk, plaintiff appeals.

*Mr. W. M. Shannon,* for appellant, cites: Rev. Stat., 1744; 57 S. C., 317; 38 S. C., 316.

*Mr. W. D. Trantham,* contra, cites: Rev. Stat., 1757; 42 S. C., 431.

September 17, 1900.    The opinion of the Court was delivered by

MR. CHIEF JUSTICE MCIVER.    This railroad company desiring to obtain, for the construction of its road, a right of way through the lands of the defendant, Johnson, situate in Kershaw County, and not being able to agree with Johnson as to the amount of compensation to be allowed him, instituted the proper condemnation proceedings provided by statute.    From the verdict of the jury empanelled by the clerk, finding the proper compensation to be $100, the defendant, Johnson, gave notice of appeal to the Circuit Court, accompanied with the grounds thereof.    That appeal was heard by his Honor, Judge Benet, presiding at the February term, 1900, of the Court of Common Pleas for Kershaw County, who granted an order, reciting that "it appearing to the Court the grounds are reasonably sufficient," and ordered an issue to be framed and submitted to a jury to determine the amount of compensation to which appellant was entitled.

From this order the Chesterfield and Kershaw Railroad Company appeals to this Court on the following grounds:

36—58

"1. That his Honor erred in holding that the grounds of appeal were reasonably sufficient to sustain the appeal. 2. That his Honor erred in framing an issue and submitting it to a jury on the showing made by the appellant."

This is a statutory proceeding, provided for by sections 1743-1747, both inclusive; and the question presented by this appeal must be determined by the provisions of the statute. These sections, after making provisions for the initiatory steps to be taken, where a corporation desires to obtain a right of way over the lands of another for the construction of a railroad, whereby amongst other things, it provides that the clerk of the Court shall empanel a jury to determine, in the first instance, the amount of compensation which shall be made to the landowner, and render their verdict in writing for the same, proceeds, in sec. 1747, to declare as follows: "From the verdict so rendered it shall be the right of either party to appeal to the first term of tne Circuit Court next ensuing in the county, giving to the opposite party fifteen days notice of such intended appeal, with the grounds thereof; and upon the hearing of such appeal, if the Court shall be satisfied of the reasonable sufficiency of the grounds, an issue shall be ordered, in which the appellant shall be the actor, and the question of compensation shall be thereupon submitted to a jury in open Court," &c. From this language it will be seen that at least two conditions must be complied with, by the person desiring to make such an appeal. 1st. He must give fifteen days notice of such intended appeal. 2d. That such notice must be accompanied with the grounds thereof. But there is but one condition upon which the appeal shall be granted, and an issue shall be ordered for trial by a jury in open Court, and that is that the Court to which the appeal is taken, "shall be satisfied of the reasonable sufficiency of the grounds." Now in this case no question is raised as to the fact that the respondent herein complied with both of the conditions required for taking the appeal, by giving the required notice, accompanied with the grounds thereof; and the only ques-

tion presented is whether the requirement for granting the appeal and ordering an issue to be tried by a jury in open Court, has been complied with. That requirement, as we have seen, is simply that the Court shall be satisfied of the reasonable sufficiency of the grounds of appeal; and as it is distinctly recited in the order appealed from that the Court was satisfied of the reasonable sufficiency of the grounds of appeal, we do not see by what authority this Court can question such a declaration of the Circuit Court. That Court, speaking through its presiding officer, Judge Benet, has declared that the Court was satisfied that "the grounds are reasonably sufficient," and we do not see how this Court can undertake to say that the Court to which the appeal was taken, was not satisfied of the reasonable sufficiency of the grounds. It will be observed that the person who desires to appeal to the Circuit Court from the verdict of a jury empaneled by the clerk, in a case like this, and thus obtain a trial by a jury *in open Court,* of an issue as to the amount of compensation to be allowed, is not required by the statute to satisfy this Court that his grounds of appeal are reasonably sufficient, but the only requirement is that he shall satisfy the *Circuit Court* of the reasonable sufficiency of the grounds; and when that is done, as in this case, the statute makes it the duty of the Circuit Court to order the issue to be tried by a jury in open Court, "whose verdict shall be final and conclusive, unless a new trial shall be ordered by the Supreme Court" (see 1747 of Rev. Stat.)

Indeed, we may say, though the point has not been raised in this case, and, therefore, is not properly before us for decision, that it is, at least doubtful whether, under the provisions of sec. 20, of art. IX., of the present Constitution, a person who has taken an appeal to the Circuit Court in the manner prescribed by the statute, in a case like this, can be denied the right to have the issue of the amount of compensation which should be allowed him, tried "by a jury of twelve men, in a Court of record, as shall be prescribed by law."

The case of *Atlantic Coast Line Railroad Company* v. *South Carolina Railroad Company*, 57 S. C., 317, cited and 1elied upon by counsel for appellant herein, differs materially from the present case. In that case the appellant failed to comply with one of the conditions required by the statute for taking the appeal, by failing to serve any grounds for the appeal proposed to be taken from the verdict of the jury empanelled by the clerk, and, therefore, that appeal never was properly before the Circuit Court; and hence the Circuit Judge had no authority to grant the order appealed from. Here, however, both of the conditions required by the statute were complied with, and the appeal was properly before the Circuit Court. The case above referred to has, therefore, no application to this case.

The judgment of this Court is, that the order appealed from be affirmed.