6953

C. E. RIPPY & CO. v. SOUTHERN RY.

CARRIER—FREIGHT—PENALTY.—Where a claim is filed under the penalty statute for loss of an entire shipment of freight, and after filing, but before suit, a portion of the shipment is delivered, and the judgment is for actual loss, the consignee is not entitled to the penalty.

Before PURDY, J., Cherokee, July, 1907.  Reversed.

Action by C. E. Rippy & Co. against Southern Railway. From Circuit order sustaining judgment of Magistrate B. J. Gold, defendant appeals.

*Mr. W. S. Hall, Jr.,* for appellant, cites: *Plaintiff not entitled to penalty:* 72 S. C., 479. *Upon notice to produce original proof of its existence must be shown before copy is competent:* McKelvy on Ev., 348; 1 Green. Ev., sec. 588; 43 S. C., 24.

*Mr. N. W. Hardin,* contra, cites: *Delivery of part of shipment to consignee is prima facie delivery of whole to carrier:* 66 S. C., 478; 76 S. C., 309; *Charles v. Ry.* and *Cooper v. Ry.,* 78 S. C.

July 13, 1908.   The opinion of the Court was delivered by

MR. CHIEF JUSTICE POPE.   C. E. Rippy and L. W. Mc-Swain, partners, doing business at Blacksburg, S. C., under the firm name of C. E. Rippy & Co., after alleging that the defendant is a railroad corporation and a common carrier of freight for hire, allege: that on the 15th day of September, 1906, the Lousiville Packing Company shipped from Louisville, Ky., over defendant's road, two tubs of lard worth $10.03, which were the goods of plaintiffs and consigned to them at Blacksburg, S. C., for which a bill of lading was duly issued to the plaintiff herein by the defendant, and that about said date, while said lard was delivered to the defendant to be delivered to the plaintiffs, the same has been negligently lost or destroyed by the defendant, and the plaintiff demands judgment for the sum of $10.03, the value of said lard.

That on the 28th day of September, 1906, the plaintiffs filed their claim with the agent of the defendant, and the defendant has lost or destroyed the same, and has neither paid nor refused to pay the same within ninety days after the claim was filed.

The plaintiffs now demand judgment for $50 penalty, as provided by law, and also the sum of $10.03, the value of the goods.

The defendant in its answer, after setting up some constitutional questions, which are not now involved, virtually denies any liability to the plaintiff for this said claim.

This action came on for trial first before Magistrate B. J. Gold, who sustained the plaintiffs' claim and gave judgment for $60.03.

The defendant having appealed to the Circuit Court, it was there held by Judge Purdy that the defendant should have produced the original bill of lading for the use of the plaintiffs, but having failed to do so after plaintiffs' notice to produce, it was proper to allow a copy to be produced by the plaintiff, he, therefore, overruled the appeal and sustained the judgment of the magistrate.

The defendant thereupon appealed to this Court. upon the following grounds:

1. "His Honor erred in affirming the judgment of the magistrate court, and in holding that the statute required that the plaintiff should recover only the amount sued for in order to be entitled to the penalty; whereas, he should have held that the plaintiff was bound to recover the full amount of his claim for loss or damage as a condition to his right to the penalty. The claim filed was for $15.33, and the amount sued for $10.15. His Honor should, therefore, have held that the plaintiff having sued for and recovered less than the amount of the claim for loss filed with the defendant, there should be no recovery of the penalty."

The statute of 1903, regulating "the manner in which common carriers doing business in this State shall adjust freight charges and claims for loss of or damage to freight," evidently requires that "the claim be adjusted and paid in ninety days in case of shipment from without this State, after the filing of such claim with the agent of such carrier at the point of destination of such shipment." "In every case such common carrier shall be liable for the amount of such

loss or damage and interest thereon from the date of the filing of the claim therefor until the payment thereof." The penalty for failure to pay such full amount shall be $50, but only where the plaintiff recovers judgment for the full amount claimed.

The testimony offered showed that the claim was for three tubs of lard, valued at $15.23, but after the filing of the claim the plaintiffs sought to amend their complaint by claiming judgment for $10.03, because one of the said three tubs of lard had been delivered. This being a penal statute, it must be strictly construed and its terms clearly show that the claim of loss as filed shall govern the recovery. We do not see how the plaintiff can justify the judgment recovered by him, except as to the sum of $10.03. *Best* v. *S. A. L. Ry.,* 72 S. C., 479, 52 S. E., 223.

We must, therefore, sustain this exception.

2. "His Honor further erred in not holding that there was no competent proof of the loss of the two tubs of lard or the value thereof.

3. "His Honor also erred in not reversing the judgment of the magistrate court and dismissing the complaint, for the reasons set out in the two above exceptions."

The second and third grounds of appeal are rendered useless by the foregoing conclusion, and we, therefore, disregard the same.

It is the judgment of this Court, that the judgment of the Circuit Court should be reversed and a new trial ordered.