7478

### SOUTHERN POWER CO. v. WILLIAMS.

1. CONDEMNATION.—A TRIAL DE NOVO in a statutory condemnation in the Circuit Court can only be had where "the Court shall be satisfied with the reasonable sufficiency of the grounds," and when that Court declares it is not so satisfied this Court can grant no relief.

2. IBID.—THE CONSTITUTIONALITY of the provision of the condemnation statute as to granting new trials *de novo* cannot be attacked here by petitioner below, because he invoked the statute and no such question was made on circuit.

Before MEMMINGER, J., Lancaster, June, 1909. Affirmed.

Petition in Circuit Court by Southern Power Co. for condemnation of lands of D. A. Williams. From circuit order refusing trial *de novo* in that Court, petitioner appeals on the following exceptions:

1. "That the Court erred in dismissing the appeal without considering the first, second, third, fourth, fifth, sixth, seventh, eighth, ninth and tenth grounds of appeal.

2. "That the second exception, to wit: Because the verdict and the amount are contrary to the greater weight of the evidence and the law, was sufficient to bring in review the verdict of the jury and condemnation proceedings, and the Court erred in dismissing the appeal without considering or sustaining the second ground of appeal.

3. "That the Court erred in refusing to consider the second ground of appeal, and in failing to sustain said ground of appeal, it appearing that from a consideration of said ground of appeal, that the verdict was contrary to the

law, in that: the testimony of the witnesses in the condemnation proceedings was not taken down in writing and signed by the witnesses; that the jury was not instructed in the law governing the condemnation proceedings; and there was no record of said proceedings sufficient to determine the rights of the parties.

4. "That the Court erred in refusing to consider or sustain the second ground of appeal, it appearing from this exception, that the verdict was contrary to the law, in that: there was no evidence to support the verdict, and the Court erred in not so holding.

5. "That the Court erred in refusing to consider or sustain the first ground of appeal, there being no evidence to warrant or support the verdict of the jury.

6. "That the Court erred in refusing to consider or sustain the third ground of appeal, in that: the statement of counsel was improper and prejudiced the jury against the Southern Power Company.

7. "That the Court erred in refusing to consider or sustain the fourth ground of appeal, in that: the witnesses, Lowry and Graham, testified that other parties told them the appliances of the petitioner were dangerous, said testimony being prejudicial to the petitioner.

8. "That the Court erred in refusing to consider or sustain the fifth ground of appeal, in that: the testimony of W. C. Hough, R. B. Allison and T. S. Carter, to the effect that the value of the easement herein, should be measured by the value of the fee simple estate, and that the measure of damages for said easement would be the value of the fee thereof, was a legal conclusion, and erroneous, and gave the jury an excessive standard of measurement, as applied to the easement herein.

9. "That the Court erred in refusing to consider or sustain the fifth ground of appeal, in that: the standard of measurement of the value of the easement as given by R.

12—85

B. Allison, W. C. Hough and T. S. Carter, was erroneous and excessive.

10. "That the Court erred in refusing to consider or sustain the sixth ground of appeal, in that: the argument of the attorneys to the effect that the measure of the damages would be the value of the fee simple interest, and not limited to the land occupied, and that defendant could exercise no use or dominion over said easement; that the easement sought would be equivalent to the easement of a public road; that later on petitioner would use the same to operate a trolley car system, to the total exclusion of defendant's right, and that no further compensation could be demanded for such additional easement; such argument and remarks being unsupported by the law or evidence, and operated to improperly impress and prejudice the jury against the petitioner.

11. "That the Court erred in refusing to consider or sustain the seventh ground of appeal, in that: the argument and remarks of Mr. Wylie were unsupported by the law and evidence, and improperly prejudiced the jury against the petitioner.

12. "That the Court erred in refusing to consider or sustain the eighth ground of appeal, in that: the argument of Mr. D. R. Williams related to extraneous or imaginary matters and was not supported by the law or evidence, and was calculated to and did prejudice the jury against the petitioner.

13. "That the judgment of the Court dismissing the appeal, is a denial to the petitioner of the right to a trial of its rights in a Court of record, and in violation of article IX, section 20 of the Constitution of South Carolina, and the Court erred in not so holding.

14. "That the Court erred in dismissing the appeal, as it appeared that the condemnation proceedings deprived the petitioner of its property without due process of law, in that: the testimony of the witnesses was not reduced to

writing, or signed by the witnesses, the jury were not instructed as to the law governing the condemnation proceedings, and the record did not contain any statement or report of the proceedings, or facts or evidence to enable the Court to ascertain and determine the rights of the petitioner."

*Messrs. F. I. Osborne* and *J. Harry Foster,* for appellant. *Mr. Foster,* cites: *Jurisdiction of condemnation proceedings, Code, 1902, 2188-90, may be raised here:* 25 S. C., 385; 28 S. C., 313; 30 S. C., 391; 37 S. C., 413; 39 S. C., 369; 19 S. C., 224; Elliot on Roads, 224; 24 S. C., 122; 25 U. S. Ed. L., 206; 51 S. C., 171; 111 U. S., 379; 22 S. C., 232; 94 Am. St. R., 905; 90 Id., 725. *Proceedings here are void:* 15 Cyc., 983, 810, 812, 816; Elliott on Roads, 229; 60 Am. St. R., 266; Hawes Jur. of Courts, 194; 22 Atl., 1052; 4 Am. St. R., 857; 20 Id., 520; 9 Am. Dec., 499; 90 Am. St. R., 725; Black on Judg., sec. 282; 13 L. Ed. U. S., 332; 4 L. Ed. U. S., 518; 5 L. Ed. U. S., 221; 43 L. R. A., 262; Boone on Corp., 120, 126; 89 Am. St. R., 565; Lewis on Em. Dom., sec. 406; 48 Mo. App., 254; 17 Ency., 1083; Black on Judg., sec. 280; Lewis on Em. Dom., 403, 413, 518; 28 S. C., 121; 13 S. C., 201; 81 S. C., 429; 27 S. C., 14; 71 S. C., 230; 81 S. C., 428.

*Messrs. R. E. Wylie* and *Williams & Williams,* contra, cite: *Question not raised below will not be considered here:* 21 S. C., 422; 26 S. C., 351; 77 S. C., 255. *Matter appearing only in exceptions will not be considered:* 76 S. C., 128; 75 S. C., 72, 116; 72 S. C., 120. *Unconstitutionality of statute not raised below will not be considered here:* 74 S. C., 320; 76 S. C., 242, 382. *Party envoking statute is estopped from saying it is not constitutional:* 57 S. C., 317. *Statute is constitutional:* 57 S. C., 317. *Appeal in Circuit Court can be heard on only one condition:* 57 S. C., 919. *Condemnation court is one of record:* 57 S. C., 323.

March 7, 1910.  The opinion of the Court was delivered by

MR. JUSTICE GARY.  The following statement appears in the record:

"This is an appeal from a condemnation proceeding, had under article X, chapter 50, volume I, Code of Laws of South Carolina, relating to right of way.  Before the jury was sworn and the trial of the cause commenced, defendant respondent renewed the objections made, and submitted by him in writing, before the drawing of the jury, and said objections were overruled.  The jury empannelled to try the case, at the request of the appellant's counsel, accompanied by two of appellant's employees, and by the respondent, all under oath to testify, inspected the premises and afterwards took testimony offered by both appellant and respondent.  The defendant-respondent requested that the testimony be taken down in writing, but the request was refused, and the testimony of the witnesses was not reduced to writing, nor signed by them.  No objection was made by the petitioner-appellant during the course of the trial, or at the close of the testimony, or at any other time, that the testimony of the witnesses was not reduced to writing or signed by them.

"On the hearing of the case no record was made of the arguments of counsel, and no request was made by either the petitioner or defendant, that it be made a matter of record.

"On the trial of the case the testimony offered by the defendant went to the jury without objection on the part of the petitioner, and no objection was made by petitioner to any part of the argument of counsel for the defendant; and at the suggestion of petitioner's counsel the clerk of the court ruled, that after the jury was sworn, it had full charge of the conduct of the case, and could make their inspection of the premises, and take the testimony in any manner they desired; and could, if they so desired, decline

to take any testimony whatever, other than that given by the sworn witnesses who accompanied them on the inspection of the premises.

"The condemnation proceedings were commenced March 30th, 1909, the trial was heard under an agreement of counsel on the 5th of May, 1909, and the jury rendered a verdict for seventeen hundred ($1700) dollars."

His Honor, the Circuit Judge, made the following order:

"Upon an appeal for a new trial by the plaintiff, in the above entitled case, brought up from a Court below, organized in accordance with article X, sections 2187-2199, of the Code of Laws of South Carolina, 1902; after examining the record and hearing the grounds of appeal and argument of counsel, and not being satisfied with the reasonable sufficiency of such grounds, on motion of Williams & Williams and R. E. Wylie, attorney for defendant, ordered, that said appeal be, and hereby is dismissed."

From this order the petitioner appealed upon exceptions which will be set out in the report of the case.

The appellant's attorneys state, that "while there are fourteen exceptions presented to this Court, the appeal resolves itself into the consideration of but two issues: (1) The jurisdiction of the condemnation proceedings, (2) The right to a trial *de novo* in the Court of Common Pleas."

We will consider, first, those exceptions assigning error on the part of the presiding Judge, in refusing to grant a trial *de novo* in the Court of Common Pleas.

Section 2191 of the Code of Laws, provides: "From the verdict so rendered, it shall be the right of either party to appeal to the first term of the Circuit Court, next ensuing in the county, giving to the opposite party fifteen days' notice of such intended appeal, with the grounds thereof; and upon the hearing of such appeal, if the Court shall be satisfied of the reasonable sufficiency of the grounds, an issue shall be ordered in which the appellant shall be the actor, and the question of compensa-

tion shall be thereupon submitted to a jury in open Court, etc."

After quoting the foregoing provision, the Court in *R. R.* v. *Johnson,* 58 S. C., 560, 36 S. E., 919, thus construes it: "From this language it will be seen that at least two conditions must be complied with by the person desiring to make such an appeal. 1st. He must give fifteen days' notice of such intended appeal. 2d. That such notice must be accompanied with the grounds thereof. But there is but one condition upon which the appeal shall be granted, and an issue shall be ordered for trial by a jury in open Court, and that is, that the Court to which the appeal is taken 'shall be satisfied of the reasonable sufficiency of the grounds.' Now, in this case, no question is raised as to the fact that the respondent herein complied with both of the conditions required for taking the appeal, by giving the required notice, accompanied with the grounds thereof; and the only question presented is whether the requirement for granting the appeal and ordering an issue to be tried by a jury in open Court has been complied with. That requirement, as we have seen, is simply that the Court shall be satisfied of the reasonable sufficiency of the grounds of appeal; and, as it is distinctly recited in the order appealed from, that the Court was satisfied with the reasonable sufficiency of the grounds of appeal, we do not see by what authority this Court can question such a declaration of the Circuit Court. That Court, speaking through its presiding officer, Judge Benet, has declared that the Court was satisfied, that 'the grounds are reasonably sufficient,' and we do not see how this Court can undertake to say that the Court to which the appeal was taken was not satisfied of the reasonable sufficiency of the grounds."

The same principle is announced in *R. R.* v. *R. R.,* 57 S. C., 317, 35 S. E., 553.

It will thus be seen that the Circuit Court is without authority to hear the appeal, from the verdict of the jury,

unless (1) the appellant gives fifteen days' notice of such intended appeal, and (2) such notice is accompanied with the grounds thereof. But even when there has been a compliance with these requirements, the appellant is not entitled to a trial *de novo* in the Court of Common Pleas, unless "the Court shall be satisfied of the reasonable sufficiency of the grounds;" and, as the order recites the fact that the presiding Judge was "not so satisfied," we do not see by what authority this Court can question such a declaration of the Circuit Court.

The appellant is not in a position to attack the constitutionality of the provision of said section, which imposes as a prerequisite to the granting of a trial *de novo,* that "the Court shall be satisfied of the sufficiency of the grounds" for two reasons: (1) because the condemnation proceedings were instituted by the appellant, *R. R.* v. *R. R.,* 57 S. C., 317, 35 S. E., 553; and (2) because the record does not show that the presiding Judge was requested to rule upon such question. *Rippy* v. *Ry.,* 80 S. C., 539, 61 S. E., 976.

The exceptions raising this question are overruled.

We proceed to the consideration of the jurisdictional question.

The condemnation statutes show upon their face that the verdict of the jury was authorized thereunder, and the case of *R. R.* v. *R. R.,* 57 S. C., 317, 35 S. E., 553, seemingly decides that those statutes are constitutional.

In any event, however, the appellant, as hereinbefore stated, is not in a position to raise the question as to their constitutionality.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.

MR. JUSTICE HYDRICK. I concur in the result because it does not appear from the record that any motion was

made by appellant in the Circuit Court to have the amount of compensation ascertained by a jury in that court.

I am not prepared to assent to the view that the institution of proceedings under the condemnation statutes estops the petitioner therein from claiming the right to have the amount of compensation "ascertained by a jury of twelve men, in a court of record," or that the party appealing from the verdict of a jury in such proceedings must "satisfy the Court of the reasonable sufficiency of the grounds of appeal" before he can claim the right to have the compensation "ascertained by a jury of twelve men, in a court of record," if that right is guaranteed by the constitution, or that a jury organized under the condemnation statutes is "a jury of twelve men in a court of record" within the meaning of section 20, article IX of the Constitution. But, as the decision of the questions is not necessary to the decision of this case, and, as I understand the previous decisions of this Court, they have not yet been decided, I concur.