7617

WHISONANT v. ATLANTA & CHARLOTTE AIR LINE RY.

1. A NONSUIT should not be granted where there is no positive or direct testimony tending to establish the allegations of negligence alleged, if there are facts and circumstances in evidence from which the jury may infer some of the alleged acts were committed.

2. MASTER AND SERVANT—RAILROADS.—Under the provisions of article IX, section 15, of the Constitution, a section hand may recover of

a railroad company for injuries received through negligence of his boss.

3. IBID.—IBID.—Under section 15, of article IX, of the Constitution, an action by a section hand against a railroad company for injury caused by using defective machinery and appliances after knowledge of defects, cannot be defeated by contributory negligence or assumption of risks on part of servant.

Before DeVore, J., Cherokee, Fall term, 1909. Affirmed.

Action by Sallie L. Whisonant, administratrix, against Atlanta & Charlotte Air Line Railway Company. From judgment for plaintiff, defendant appeals.

*Messrs. Sanders* and *DePass,* for appellant, cite: *Duty of master in furnishing safe place where servant engaged in making repairs:* 26 Cyc., 1329, 1260; 77 S. C., 426; 78 S. C., 479. *Servant assumed risk:* 26 Cyc., 1188, 1196, 1202, 1204; 72 S. C., 237; 74 S. C., 419; 80 S. C., 233; 81 S. C., 522; 84 S. C., 287; 66 S. C., 256; 69 S. C., 529.

*Messrs. N. W. Hardin* and *G. W. Speer,* contra. *Mr. Hardin* cites: *If inference of negligence could be drawn from evidence, issue should go to jury:* 85 S. C., 164. *Duty of master in furnishing machinery:* 68 S. C., 83; L. M. & S., sec. 97. *Who was master?* 80 S. C., 539; L. M. & S., sec. 805; 56 S. C., 54; 82 S. C., 304; 84 S. C., 286; 82 S. C., 365; L. M. & S., secs. 541, 545; 51 S. C., 96. *Assumption of risks:* 48 S. C., 190; 81 S. C., 374; 63 S. C., 575; 61 S. C., 468; 75 S. C., 177; 70 S. C., 490; art. IX, sec. 15, Con.; 60 S. C., 19; 66 S. C., 17; 75 S. C., 307. *Contributory negligence:* 82 S. C., 549; 84 S. C., 391; 68 S. C., 55; 73 S. C., 502; 81 S. C., 211; 68 S. C., 56.

July 13, 1910.  The opinion of the Court was delivered by

MR. JUSTICE GARY.    This is an action for damages
alleged to have been sustained on account of the wrongful
acts of the defendant, in causing the death of plaintiff's
intestate.

The allegations of the complaint, material to the ques-
tions involved, are as follows:

"That on said —— day of January, 1907, and before,
plaintiff's said intestate was employed by said lessee com-
pany, in and about the yard and tracks of the defendant
company at Blacksburg, S. C., as an assistant car repairer
and workman, and was on said date, by the wrongful acts,
neglect and default, by the negligent, careless, wanton and
wilful conduct and acts of the servants and employees of
the defendant and defendant's lessee, injured so that he
died on the —— day of January, 1907, the wrongful acts,
neglect and default, negligence and wilfulness being, that on
the said date a very heavy and large gondola car, which had
been disabled and injured seriously in a wreck on said road,
in a collision near Broad River bridge, which was left in
its broken, defective and overloaded condition on the side
tracks at Blacksburg, so badly overloaded and out of repair
that it was dangerous to repair the same, with the tools and
appliances in the hands of plaintiff's intestate, who was
ordered to repair same, but declined to do so on account
of its condition, and because he was not supplied with jacks
and other tools large enough to do the repairs in safety,
and with due care, whereupon, a foreman was sent from
the shops of said lessee at Spencer, N. C., with jacks and
tools that were represented to be sound and sufficient to do
the work with safety; that said foreman and 'boss,' pro-
ceeded to repair the said defective and overloaded car as
foreman, by constructing a foundation on insecure grounds,
defective material and with incompetent workmen, and
attempted to jack up said car for the purpose of making
said repairs with jacks that, under the circumstances, with
the material used, were too light for the work to be done;

that when said gondola car was jacked up for repairs, plaintiff's intestate was ordered under said car to make repairs, and while he was under the car at work, on account of the defective and insecure foundation, defective and improper material used in jacking up said car, weak and defective jacks, and incompetent servants who were helping in the work, the said foundation, material and jacks suddenly and unexpectedly gave way, the gondola car fell upon plaintiff's intestate, and his skull was crushed between parts of the car, and was otherwise injured, from which he died, all of which was due to the negligence and wilful conduct of the servants in charge of said work.

"The specific acts of negligence herein alleged are: (a) Insecure foundation; (b) defective material in foundation, and jacking up the injured car; (c) weak, defective and inefficient jacks; (d) incompetent servants, and (e) an unsafe place to work."

The defendant denied all the allegations of the complaint, except the corporate existence of the defendant, and set up the defenses of assumption of risk, contributory negligence and negligence of a fellow servant.

At the conclusion of plaintiff's testimony, the defendant moved for a nonsuit on the following grounds:

1st. "That there is a total failure under the evidence to show any negligence, as alleged in the complaint.

2d. "That if there is any evidence of negligence the evidence is that Mr. Whisonant's negligence combined with it as a proximate cause, and that he was guilty of contributory negligence.

3d. "That if there was any negligence it was the negligence of a fellow servant in the same department of labor, and that Whisonant assumed the risk of that.

4th. "That his injuries were caused by one of the dangers incident to his employment, which was assumed by the deceased."

This motion was refused, and at the conclusion of the entire testimony, the defendant made a motion to direct a verdict on the same grounds, on which it had made a motion for a nonsuit. This motion was refused.

The jury rendered a verdict in favor of the plaintiff for $2,500.00 and the defendant appealed.

The first question that will be considered is, whether there was error on the part of his Honor, the presiding Judge, in refusing the motion for nonsuit. While it may be conceded there was no direct and positive testimony, tending to sustain the allegations of negligence, still there were facts and circumstances from which the jury might properly have drawn the inference in favor of some of the acts of negligence specified in the complaint.

The rule is thus stated in *Railroad* v. *Partlow,* 14 Rich., 237, affirmed in *Dantzler* v. *Cox,* 75 S. C., 334, 55 S. E., 774; *Wertz* v. *Ry.,* 76 S. C., 388, 57 S. E., 194, and *State* v. *Rodman, infra* 154: "It may be that no one of the facts would of itself warrant the inference and yet, when taken together, they may produce belief, which is the object of all evidence." In 1 Greenl., Ev., sec. 51a, it is said: "It is not necessary that the evidence should bear directly upon the issue. It is admissible if it tends to prove the issue, or constitutes a link in the chain of proof; although alone, it might not justify a verdict in accordance with it. All the circumstances mentioned in this ground may be regarded as links in the chain of proof, from which the jury might deduce the inference of defendants' privity and direction, in the acts of trespass. This is usually the case where an issue depends on circumstantial evidence * * *."

Without undertaking to state the circumstances in detail, we have reached the conclusion, that there was testimony tending to prove that plaintiff's intestate was killed while assisting Hedricks, the foreman or "boss," to repair the car; that Hedricks was his superior officer at the time, and had the right to direct and control his services; that at the

time of the injury, he was performing his duty under the directions and orders of Hedricks, and his death was the direct and proximate result of such orders; that the foundation for the jacks was insecure, and the defendant, through Hendricks, its agent, failed to provide a safe place for Whisonant to work.

The next question for consideration is, whether the nonsuit should have been granted or the verdict directed for the defendant, on the ground that the injury was caused by the negligence of a fellow servant.

In the case of *Hallum* v. *Ry.*, 82 S. C., 299, it was held that art. IX, section 15, of the Constitution, providing that "every employee of any railroad corporation shall have the same rights and remedies for any injury suffered by him, from the acts or omissions of said corporation, or its employees, allowed by the law to persons not employees, when the injury results from the negligence of a superior agent or officer, or of a person having a right to control or direct the services of the party injured," applies to a section hand in the employment of a railroad corporation. It is the duty of the section hands to keep the track in proper repair, and free from obstacles that might endanger the safety of the trains passing over it; such, for instance, as the wreckage arising from the giving way of a defective car. And, it was the duty of Hedricks and those whose services he had the right to control and direct, to repair the car, in order that it might be operated safely over the track. One of the risks of operating a defective car is not only to endanger the lives of the employees and the traveling public, but to injure the track itself. We are, therefore, unable to discover any difference in principle between this case, and that of *Hallum* v. *Ry.*, 82 S. C., 147; and the reasoning therein is, in all respects, applicable to the case under consideration.

See also *Rippy* v. *Ry.*, 80 S. C., 539, 61 S. E., 976, and note to *Dunn* v. *Ry.*, 8 Am. & Eng. Ann. cases, 232.

20—86

The last question to be considered is, whether there was error in refusing to grant the nonsuit, or direct a verdict in favor of the defendant, on the grounds that the injury was caused by contributory negligence on the part of the plaintiff, or that the risk was one which he assumed.

The facts were susceptible of more than one inference and, therefore, presented a question for the jury. *Youngblood* v. *Ry.,* 60 S. C., 9, 38 S. E., 232.

But in the last mentioned case, another reason is assigned why the said defenses could not defeat the plaintiff's right of recovery.

"Sec. 15, art. IX, of the Constitution, sets at rest any doubts that might be entertained on this question. It provides that 'knowledge by an employee injured, of the defective or unsafe character or condition of any machinery, ways or appliances, shall be no defense to an action for injury caused thereby, except as to the conductors or engineers in charge of dangerous or unsafe cars or engines, voluntarily operated by them.' In other words, where an employee is injured, while voluntarily operating machinery, after knowledge of its unsafe condition, his action for injury caused thereby, shall not be defeated by reason of this fact. The word 'defense' is not used in its technical sense. The words 'shall be no defense to an action' are to be understood as meaning, 'shall not defeat an action.' The Constitution did not intend to deal with pleadings, but with a principle of law. It did not intend that a defendant, on a motion for a nonsuit, should get the benefit of a state of facts, which the Constitution declared should be no defense to the action. The object of this provision was to take from a defendant, that failed to furnish suitable machinery, the right to defeat an action by the employee, by showing that he did not act with due care in voluntarily operating the machinery, after knowledge of its defective condition. The only ground of motion for nonsuit was the fact that the plaintiff operated

voluntarily the defective appliances, after knowledge of their unsafe character, which we have shown could not defeat the plaintiff's action."

The foregoing disposes of all questions argued by the appellant's attorneys.

It is the judgment of this Court that the judgment of the Circuit Court be affirmed.