### 7909

#### TOWN OF GREENWOOD v. YOE.

1. WATERWORKS.—CITIES AND TOWNS MAY CONDEMN lands draining water supply and such condemnation may be had under the law for condemning rights of way for railroads.

2. CONDEMNATION.—Constitutionality of the statute giving the right to condemn for water supply (Code, 1902, 2012); power to condemn without corporate limits; jurisdiction of Circuit Court to empanel jury to assess damages and necessity of condemnation should be settled in an action to enjoin condemnation.

3. IBID.—APPEAL.—Unless the Circuit Court is satisfied of the reasonable sufficiency of the grounds of appeal from condemnation, it will not grant a trial in that Court, and whether that Court was so satisfied will not ordinarily be reviewed here. In determining the sufficiency of the grounds, it is proper for the Court to consider the record in connection with the grounds of appeal.

Before WILSON, J., Greenwood, October, 1910. Affirmed.

Proceeding to condemn by the Town of Greenwood against Belle Yoe. Defendant appeals on the following exceptions:

I. "It is respectfully submitted that his Honor, Judge Wilson, erred in refusing to allow the appeal and grant the new trial asked for in this matter because it is submitted that the grounds of appeal were reasonably sufficient as is laid down by statute for the granting of new trials in matters of this kind. The following grounds relied upon are all reasonably sufficient to cause the granting of a new trial in this matter:

"Ground 1: (a) Because the verdict of the said jury is not sustained by the evidence, in that the valuation fixed is too little.

"Ground 2: (b) Because the verdict of the jury is contrary to the evidence, in that the value of the land is more than the amount fixed by the jury.

"Ground 4: (c) Because it is error to allow the contract between B. F. Yoe and the Town of Greenwood, by its commissioners of public works, to be introduced in evidence for the purpose of showing that the said lands were already burdened by an easement on the said lands for the reason that this said fact is a matter of construction, and since there was no judicial officer present to give the said paper its judicial construction it was prejudicial to the value of lands in the eyes of the said jury. It was argued that the said contract burdened the greater portion of the said lands with an easement, when, as a matter of law, it is submitted that only a very small part of the lands, if any, is affected by the terms thereof.

"Ground 5: (d) Because the introduction of the said contract in evidence was prejudicial to the appellant, in that the said jury was led to believe therefrom that the part of the said lands on the public road was burdened with an easement which would prevent its use for any purpose whatsoever, whereas, it is submitted that the effect of the said contract should enter in no way into a proper valuation of the said lands for the following reasons: (a) The easement, if any exists, is based upon a continuing consideration, a part of which the Town of Greenwood would be unable to perform after the taking of the lands in question, and where consideration for an easement is destroyed by an act of law it is submitted that the easement for which this consideration was given is also destroyed, and in a case like the present where a corporation takes lands upon which they are bound to furnish water by a previous contract and the said furnishing formed a part of the consideration for which an ease-

ment over the said lands is given, the consideration will be destroyed by the act of law and the valuation to be put on the said lands should be fixed as though the lands were free from the said easement.

"Ground 6: (h) Because no testimony was taken to establish the allegations of the petition in the said condemnation proceedings.

"Ground 7: (f) Because no testimony was taken to establish the necessity of taking the said lands for the purpose set forth in the said petition.

"Ground 8: (g) Because no testimony was taken or offered by the Town of Greenwood in reference to the construction of the proposed improvement to be made by the Town of Greenwood and the quantity of land which shall be required therefor.

"Ground 9: (h) Because no testimony was taken or offered as to how much of the said land was required by the Town of Greenwood for the purpose of protecting its said watershed.

"Ground 10: (i) Because no testimony was offered or taken to prove that the Town of Greenwood needed any of the said lands for the purpose of increasing its said water supply since no testimony was offered or taken to prove that the present supply of water was insufficient to the needs of the said town.

"Ground 12: (j) Because the order upon which the said jury assessed the value of the said property was not signed by the Judge of the Circuit wherein the said lands lay in that the order is signed by his Honor, Judge Robert Aldrich, whereas his Honor, Judge Klugh, is the Judge of the Eighth Judicial Circuit, in which Circuit the said lands lay.

"Ground 14: (1) Because the taking of the said lands would be unlawful in that the Town of Greenwood is attempting to take more land than is necessary for its said purposes.

"Ground 14: (1) Because the taking of the lands would be unlawful in that the said lands lie entirely without the corporate limits of the said Town of Greenwood and under no statute has the said Town of Greenwood the right to take property outside its corporate limits by condemnation or otherwise.

"Ground 15: (m) Because the charter of the said Town of Greenwood does not empower it to take lands without its corporate limits and such taking would be unlawful.

"Ground 16: (n) Because such taking would be in violation of article VIII, section 5 of the Constitution of 1895, in that said section requires that 'no construction or purchase of waterworks plants' shall be made except upon a majority vote of the electors in said cities or towns who are qualified to vote on the bonded indebtedness of said cities and towns, and it is submitted that no election has ever been held by the Town of Greenwood to determine whether or not the lands herein shall be purchased.

II. "It is respectfully submitted, the presiding Judge erred in not allowing the appeal and in not ordering a new trial in this matter because to deny to Miss Yoe the right of a trial of the issues raised in this proceeding before a jury of twelve men in a court of record was in effect denying to her the constitutional right given her by the Constitution of 1895.

III. "It is submitted that it was error for his Honor to uphold the verdict in this case because it is submitted that these whole proceedings are null and void in that the statute of 1909, under which these proceedings were had, is null and void because it is unconstitutional in that the body of the act does not conform to the title. This act is found in 26 Stat., 42.

IV. "The presiding Judge erred in not holding that the question for him to decide upon the issue of allowing or disallowing the appeal was the sufficiency of the grounds of

appeal; that this question must be decided by an inspection of said grounds and not by a review of the facts."

*Messrs. Tillman & Watson,* for appellant, cite: *Judge should have granted new trial:* Code 1902, 2191; 89 N. E. 272; 15 Cyc. 753; 71 S. C. 489; 65 S. C. 459. *Denying right of appeal takes away a constitutional guarantee:* 58 S. C. 563; 57 S. C. 317.

*Messrs. E. L. Richardson* and *Grier, Park & Nicholson,* contra, cite: *Judge could say if the grounds of appeal were sufficient:* 85 S. C. 172. *Right to condemn cannot be tried in this case:* 38 S. C. 308; 59 S. C. 371.; 63 S. C. 201, 348; 67 S. C. 84.

May 11, 1911. The opinion of the Court was delivered by

MR. CHIEF JUSTICE JONES. The Town of Greenwood instituted proceedings to condemn about seventy-one acres of land belonging to the defendant adjoining the water power station of plaintiff, outside its corporate limits, for the purpose of increasing and protecting the water supply of the town. The jury assessed the sum of seventy-one hundred and twenty-five dollars as damages, and the defendant appealed to the Circuit Court upon certain grounds. Judge Wilson, who was presiding, dismissed the appeal upon the ground that he was not satisfied with the reasonable sufficiency of the exceptions taken and did not consider that defendant had an inherent right to a trial by a jury in the Circuit Court. The exceptions herewith reported will show the grounds presented to the Circuit Court and sought to be renewed in this Court.

The power of cities and towns to condemn lands for water supply, including lands the drainage of which would contaminate the water supply, is conferred by section 2012,

vol. I, Code of Laws, amended March 2, 1909, 26 Stat., 42. The statute provides that the compensation is to be determined in the manner now provided by law for the condemnation of lands and rights of way of railroad corporations.

It has been determined by many decisions following *Railroad Co. v. Riddlehuber,* 38 S. C. 308, 17 S. E. 24, that the condemnation statutes provide no machinery for determining the *right* to institute such proceedings and that the only matter to be determined thereby is the *amount* of the compensation. Questions as to the constitutionality of the statute, the power of the Town of Greenwood to condemn lands for water supply within or without its corporate limits, the jurisdiction of Judge Aldrich to grant the order directing the clerk to empanel a jury in condemnation, the necessity requiring condemnation of the land desired, all relate to the right to condemn, and were not proper to be considered in these proceedings. If defendant desired to make questions of this character she should have instituted proceedings before the verdict in condemnation to test the right to condemn and to enjoin the condemnation proceedings, as was done in the case of *Riley* v. *Union Station,* 71 S. C. 457, 51 S. E. 485, and other cases.

The exception that the verdict was far too small in amount cannot avail in this Court. The appellant was not entitled to a trial *de novo* in the Court of Common Pleas unless that Court was satisfied of the reasonable sufficiency of the grounds, and the determination of the Circuit Court that it has or has not been so satisfied will not ordinarily be reviewed. *Chesterfield & K. R. R. Co.* v. *Johnson,* 58 S. C. 561, 36 S. E. 919 ; *Southern Power Co.* v. *Williams,* 85 S. C. 172, 67 S. E. 136.

There is nothing to show abuse of discretion. The verdict was not so inadequate as to suggest that it was the result of caprice, partiality or corrupt motive; on the contrary there was much testimony in support of the verdict as a

fair one. The introduction in evidence of the contract between B. F. Yoe and the Town of Greenwood for the three acres adjoining the land sought to be condemned was not regarded by the Circuit Court as sufficient to warrant a trial *de novo,* and we see no reason to justify our interference on that ground. The contract was not wholly irrelevant to the issue of value, and could not have prejudicially affected the result against appellant.

In determining the sufficiency of the grounds on appeal in condemnation proceedings to warrant a trial *de novo,* it is of course proper for the Circuit Court to consider the record in connection with the grounds of appeal.

The judgment of the Circuit Court is affirmed.