MEMPHIS AND CHARLESTON RAILROAD COMPANY *v.* JAMES PAYNE.

RAILROAD LAW: HOW ENTRY ON LAND TO ERECT ROAD JUSTIFIED: TRESPASS.—
Before a railroad company can be authorized to enter upon land for the construction of their road, without the consent of the owner, there must at least be an assessment of the damages, according to the provisions of their charter, and a payment, or a tender of payment, of the damages so assessed; and any entry before this is done is a trespass, for which the company may be sued at law.

ERROR to the Circuit Court of Tishemingo county. Hon. Joel M. Acker, judge.

This was an action by defendant in error against the plaintiffs in error, to recover damages occasioned by the cutting of trees, excavation of earth, and the erection of a railroad on his land. Plaintiff below also filed an amended count, to recover the amount assessed by a jury under the provisions of the charter of the rail-

road company; but this count was withdrawn, and a trial had on the original declaration in trespass.

Defendants filed several special pleas, in which they set up as a defence a provision in their charter, granting them the unrestricted right of way through the State of Mississippi, and fixing the width of the road at one hundred feet; and they averred that the trespass committed was on said one hundred feet, and necessary to the construction of the road. Plaintiff's demurrer to these pleas was sustained, and the defendants then pleaded not guilty. On the trial, it appeared that the railroad company had located their road on plaintiff's land, and had committed the acts complained of within the one hundred feet allowed by the charter for a road-bed.

The defendants, on cross-examination, asked the witnesses of plaintiff if the benefits accruing to the land from the building of the road were not equal to, or greater than, the damage occasioned thereby. This question, upon objection by plaintiff, the witnesses were not permitted to answer.

The fourth section of the charter of the railroad company, granted by the legislature of this State (see Acts of 1854, 83, 84), that when the company and the owner of land could not agree in reference to the granting of the right of way over the same, that the land may be taken at a valuation assessed by commissioners appointed by the board of police; it also provides for an appeal from such assessment by either party, and "that the land or right of way so valued shall vest in said company so soon as the valuation may be paid, or tendered and refused."

The court instructed the jury, that the plaintiff might maintain trespass for the acts complained of. The verdict was for the plaintiff. The defendants' motion for a new trial was overruled, and they sued out this writ of error.

*Yerger* and *Rucks*, for plaintiff in error,

Cited *Brown* v. *Beatty*, 34 Miss. R. 227, in support of the proposition, that the owner could not maintain trespass; but that he was confined to the remedy pointed out in the charter.

*Arnold* and *Hill*, for defendants in error,

Insisted, that, as there had been a total failure on the part of the

company to have the damages to plaintiff's land assessed, that their entry was unauthorized, and they were trespassers, and could be sued as such; that the questions asked plaintiff's witnesses, on cross-examination, whereby it was attempted to set off the enhanced value of plaintiff's land against the damages, were clearly improper, as was ruled in *Beatty* v. *Brown,* 34 Miss. R. 227.

HANDY, J., delivered the opinion of the court.

The simple question upon which this case depends is, whether the railroad company, by mere force of its charter, and without any steps having been taken, either by the company or by the proprietor of the land over which the railroad passed, to assess its value, or to entitle the company to appropriate it to their use, was authorized to enter upon the land and to treat it as their property, for the purposes, and with the power over it, contemplated by the charter? For, though by the second count in the amended declaration, it appears that an assessment of the value of the land had been made by commissioners appointed in accordance with the charter, yet in the progress of the cause in the court below, that count, and the pleas having reference to it, were withdrawn; so that the case stands and is here presented simply, upon a declaration for trespass in entering upon, and committing damage to, the land; which is attempted to be justified by the general license to do so contained in the charter, granting the right of way to the company over the lands over which the road should run.

It is clear that this ground of justification, as it is broadly claimed, is not tenable. The charter confers upon the company the right to enter upon, and appropriate to its use, the lands of individuals along the line of the road, not absolutely, but upon terms. This privilege is granted, to be enjoyed consistently with the right guaranteed by the Constitution to the proprietors of the lands, to have just compensation for their lands before the same were taken and appropriated to the public use. To what precise extent this right of the proprietors is to be observed, and what will be a sufficient compliance with the right, before the corporation is entitled to enter upon and appropriate lands to its use, it is not necessary to consider, as this case is here presented. It is sufficient to say, that it is at least necessary that there shall be an assessment

of the value of the land, and of the compensation to which the proprietor may be entitled, by commissioners appointed in accordance with the provisions of the charter, and a payment, or tender of the same, to the proprietor; for the charter expressly provides, "that the lands, or right of way so valued, shall vest in said company *so soon* as the valuation may be paid, or tendered and refused." And it is clear that an entry upon the land for the use of the company before these things are complied with, is unauthorized, and in violation of the rights of the proprietor; for which he may treat the company as a trespasser, and recover for the damage committed.

Judgment affirmed.