PATRICK BURNS *vs.* J. T. DODGE, Appellant.

APPEAL FROM CIRCUIT COURT, ROCK COUNTY.

Heard October 4.]          [Decided November 9, 1859.

*Railroads—Trespass—Easement—Corporations.*

An action of trespass will not lie against an agent of a railroad company, for entering upon and taking possession of lands condemned according to the provisions of the charter of the company for its use, when the compensation for the lands taken has been regularly ascertained and received by the owner.

This was an action of trespass for breaking and entering the close of the plaintiff, the same lots as described in the last case, and taking possession of the same, as the engineer of the Milwaukee and Mississippi Railroad. The defendant for a defense, claimed that the Milwaukee and Mississippi Railroad Company was, at the time of the doing the acts complained of in this action, the owner and entitled to the possession of the whole of said lot 24, having taken the same for the use of its railroad, and having had the value thereof assessed to the plaintiff, Burns, under and in pursuance of its, the

railroad company's, charter; and the plaintiff having appealed from the award of the commissioners making such assessment to the circuit court, and obtaining judgment on his appeal against the company for the value of the whole of lot 24, and afterwards receiving the amount of his judgment from the railroad company. Whereupon the counsel for the defendant moved for a nonsuit, on the ground that an action of trespass will not lie against a railroad corporation, or any of its officers or employees, for entering upon or taking possession of lands, in pursuance of and acting under the authority of an act of the legislature, where, by the act under which they enter upon or take possession of lands, provision is made for ascertaining the value of the land so entered upon and taken possession of, and the damage to the owner; which motion the court overruled.

On the trial the plaintiff proved his possession, the entry by the defendant, &c., and his damages. The defendant showed the condemnation of the lots, the award of damages by the commissioners, the appeal to the circuit court, and judgment, &c., and its satisfaction. The verdict was for the plaintiff, damages $5, and judgment with costs. From which this appeal is taken.

*B. B. Eldridge,* for the appellant.

*Knowlton, Prichard and Jackson,* for the respondent.

*By the Court,* PAINE, J. This is an action of trespass brought by the respondent against the appellant, an agent of the Milwaukee and Mississippi R. R. Co., for the acts complained of in the suit by the respondent against that company and others. For the reasons given in the preceding case, we think the judgment must be reversed, and the cause remanded for a new trial.