### ARCHER v. BOARD OF LEVEE INSPECTORS OF CHICOT COUNTY.

(Circuit Court, E. D. Arkansas, W. D. February 29, 1904.)

No. 5.258.

1. EMINENT DOMAIN—FIXING COMPENSATION FOR PROPERTY TAKEN—CONSTITUTIONALITY OF STATUTE.

Act Ark. March 20, 1883 (Acts 1883, p. 163), providing for building and repairing levees in Chicot county, which by section 18 provides that the damages sustained by a landowner shall be assessed by a jury of six men selected by the sheriff, who shall examine the property and make an award, which shall be final, is therein invalid, as in violation of Const. Ark. art. 12, § 9, which provides that no property shall be ap-

propriated to the use of any corporation until full compensation shall first be made or secured to the owner, "which compensation * * * shall be ascertained by a jury of twelve men, in a court of competent jurisdiction, as shall be prescribed by law"; the board of levee inspectors created by the act, and authorized to appropriate land for levee purposes, being a corporation, within the meaning of such constitutional provision.

2. SAME—CONSTITUTIONAL JURY.
Six men appointed by a sheriff to award damages for the taking of property for a public use, on an inspection of the property, merely, do not constitute a jury, in a constitutional sense; and it is immaterial that they are called "jurors" in the act which provides for such proceeding.

3. SAME—TAKING PROPERTY WITHOUT COMPENSATION—REMEDY OF LANDOWNER.
A landowner whose property has been taken for a public use without compensation may maintain an action at law to recover damages for the trespass.

At Law. On demurrer to complaint.

Rose, Hemingway & Rose, for plaintiff.
P. C. Dooley, for defendant.

TRIEBER, District Judge. The plaintiff has instituted this action against the defendant to recover damages alleged to have been sustained by him by reason of the trespass of the defendant, who unlawfully, with force of arms, entered upon his premises—a plantation in the county of Chicot—and built a levee thereon, without having made compensation therefor. The demurrer to the complaint is upon the ground that the act of the General Assembly of the state of Arkansas which created the defendant provided for the manner of assessing the damages sustained by the owner of the lands, and that this act excludes all other proceedings to recover such damages. The provision relied on is section 18 of the act of the General Assembly, entitled "An act to provide for building and repairing levees in Chicot county," approved March 20, 1883 (Acts Ark. 1883, pp. 163, 168). This section is as follows:

"Sec. 18. If any person shall feel aggrieved by the running of any levee through his land he shall within ten days after the levee is located give notice to the inspector of the district, who shall then notify the sheriff to summon six land owners of the county not interested in the land through which the levee is to run, and not related to or connected by marriage with the owner thereof, to meet at a time fixed, who shall after being duly sworn proceed to examine the premises, and after taking into consideration the advantages and disadvantages of said levee to claimant, shall award to him such damages, if any, as they may deem just and right. The findings shall be signed by the jurors and delivered to the sheriff, and by him returned to the board of inspectors and entered of record on its minutes, which finding shall be final in the premises. The damages, if any, awarded shall be paid by the board out of the fund herein provided for levee purposes. The sheriff and jurors shall be allowed the same fees as for similar services in the circuit court and to be paid by claimant if no damages are awarded, otherwise to be paid by the board of inspectors out of the levee fund."

In the absence of any constitutional restrictions, there can be no doubt that the Legislature would have the power to provide for the assessment of damages in cases of this kind by a special tribunal or

¶ 3. See Eminent Domain, vol. 18, Cent. Dig. § 729.

commissioners appointed by a court or an executive officer. Bauman v. Ross, 167 U. S. 548, 17 Sup. Ct. 966, 42 L. Ed. 270. Such a remedy would not only be unobjectionable, but would probably exclude any other proceeding for the recovery of damages in cases of that kind. But by the provisions of the present Constitution of the state of Arkansas, which was in force at the time of the passage of this act, it is provided (section 22 of the Bill of Rights):

"The right of property is before and higher than any constitutional sanction; and private property shall not be taken, appropriated or damaged for public use, without just compensation therefor."

Section 9 of article 12 of the Constitution is as follows:

"No property, nor right of way, shall be appropriated to the use of any corporation until full compensation therefor shall be first made to the owner, in money, or first secured to him by a deposit of money, which compensation, irrespective of any benefit from any improvement proposed by such corporation, shall be ascertained by a jury of twelve men, in a court of competent jurisdiction, as shall be prescribed by law."

That the defendant is a corporation has been expressly determined by the United States Circuit Court of Appeals for this circuit in Board of Levee Inspectors of Chicot County v. Crittenden, 94 Fed. 613, 36 C. C. A. 418. In that case, which was an action against the same defendant, and under the same act as this action, Judge Caldwell, in delivering the opinion of that court, said:

"While it is true that the act does not in express terms say that the board of levee inspectors shall be a body corporate and subject to suit, it confers upon the board all the powers of a corporation. It is authorized to locate, build, and repair levees, and for that purpose condemn lands; to employ engineers and such other agents, attorneys, and employés as may be necessary to carry into effect the objects of the act. * * * These powers are the principal attributes of a corporation, and, although the statute does not in terms declare it to be a corporation, it is sufficient if that intent clearly appears. Whenever the powers conferred upon a board are of such a character that they cannot be performed or made effective without the exercise of the right to sue and be sued, the right is necessarily implied."

A similar act was passed by the General Assembly of this state while the Constitution of 1868 was in force. That act provided for the appointment of commissioners by the circuit court to assess the damages for lands sought to be acquired by a railroad company for a right of way. That Constitution contained the following provision:

"No right of way shall be appropriated to the use of any corporation until full compensation therefor shall be first made, in money, or first secured by a deposit of money to the owner, irrespective of any benefit from any improvement proposed by such corporation; which compensation shall be ascertained by a jury of twelve men in a court of record, as shall be prescribed by law."

In Whitehead v. Arkansas Central R. Co., 28 Ark. 460, the Supreme Court of Arkansas held that the act of 1868 (Laws 1868, p. 290) authorizing railroads to have the damages assessed by commissioners appointed by the circuit court was in conflict with the provision of the Constitution above cited, and therefore void.

But it is urged that this act provides for the assessment of damages by a jury. It is true, the act does call the persons who are to assess the damages a jury; but it provides for only six jurors, when the constitutional provision requires a jury of twelve. It is unnecessary to

determine whether, if that were the only defect in the act, the court could not disregard the provision limiting the jury to six, and have the issues tried by a jury of twelve. But is the sheriff's jury provided for by that act a jury, within the meaning of the constitutional provision? A trial by jury, as defined by the Supreme Court of the United States in its latest opinion, is as follows:

> "'Trial by jury,' in the primary and usual sense of the term at the common law and in the American Constitutions, is not merely a trial by a jury of twelve men before an officer vested with authority to cause them to be summoned and impaneled, to administer oaths to them and to the constable in charge, and to enter judgment and issue execution on their verdict; but it is a trial by a jury of twelve men in the presence and under the superintendence of a judge empowered to instruct them on the law and to advise them on the facts, and, except on acquittal of a criminal charge, to set aside their verdict if, in his opinion, it is against the law or the evidence. This proposition has been so generally admitted and so seldom contested that there has been little occasion for its distinct assertion." Capital Traction Co. v. Hof, 174 U. S. 1, 13, 19 Sup. Ct. 580, 585, 43 L. Ed. 873.

Merely calling it a jury does not make it so. The duties of the sheriff's jury, as defined by the act, are merely those of commissioners. There is no provision for a superintendence by a judge. No one is authorized to instruct them on the law, to advise them on the facts, or to set aside their verdict if it is against the law and evidence. How is the sheriff's jury to know what items are to be considered by them as elements of damage? No provision is made by the act for any one to instruct them as to the law, nor is any one authorized to set aside their verdict, even if it should appear conclusively that the verdict was the result of prejudice, passion, partiality, or misconstruction of the law.

It may be conceded that a proceeding before such a body is not violative of a constitutional provision requiring a trial by a jury, if an appeal can be taken from the decision of that body to a court of record, where a trial de novo may be had by a constitutional jury of 12 men, under the superintendence of a judge. But the act not only fails to provide for an appeal, but expressly declares that the finding of the sheriff's jury "shall be final in the premises." This section of the act is therefore clearly in conflict with the Constitution of the state.

The only remedy at law left to the landowner in case of this kind of a trespass is a proceeding such as has been instituted by the plaintiff in this case. It is true, the plaintiff might have filed a bill in equity to enjoin the trespass, but it does not lie in the mouth of the defendant to complain of the plaintiff's failure to avail himself of that remedy. Besides, in view of the fact that an interference by injunction with the building of that levee at this season, when high water, which may subject that entire section of the country to overflow, is almost in sight, the court would not be apt to grant such an injunction, if the rights of plaintiff can be as fully protected by some other means. The plaintiff, by the institution of this proceeding, has declared himself satisfied with a judgment at law for any damages he may suffer by reason of the defendant's trespass on his lands. His right to maintain such an action is beyond doubt, and the demurrer to the complaint will be overruled.